CELLETTI *v.* RODGERS

1. NEGLIGENCE — AUTOMOBILES — WITNESSES — CREDIBILITY — JURY QUESTION.

Negligence of defendant, contributory negligence of plaintiff, and credibility of witnesses were questions for a jury to resolve where witnesses presented three different versions, partially conflicting, of what occurred at an automobile-pedestrian accident.

2. TRIAL—NEW TRIAL—EVIDENCE.

Denial of new trial was not an abuse of trial judge's discretion where the verdict was not contrary to the great weight of the evidence.

3. NEGLIGENCE—INSTRUCTIONS TO JURY—DEFENDANT'S THEORY—AUTOMOBILES.

Jury instruction in negligence action predicated on defendant-driver's theory that plaintiff-pedestrian failed to exercise due care and crossed in front of defendant's line of travel was not error where a jury could have reasonably concluded, if it believed defendant's testimony, that plaintiff stepped or rode his bicycle in front of defendant's automobile.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 March 5, 1969, at Lansing. (Docket No. 3,833.) Decided October 30, 1969.

Complaint by Rocco Celletti, Sr., for himself and as next friend of Rocco Celletti, Jr., against Charles Rodgers and Julia Rodgers for injuries sustained

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 1017.
[2] 39 Am Jur, New Trial § 201 *et seq.*
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1018 *et seq.*

by Rocco Celletti, Jr., as a result of being struck by an automobile. Verdict and judgment for defendants. Plaintiffs appeal. Affirmed.

*William J. Soloy,* for plaintiffs.

*Nunneley, Nunneley & Hirt,* for defendants.

Before: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

LEVIN, J. This is another automobile injury case where a jury was asked to reconstruct what happened in the instant immediately preceding the accident from the conflicting testimony of witnesses none of whom claim they saw what caused the accident to occur.

The plaintiff, Rocco Celletti, Jr., (15 years of age at the time of the accident) appeals a jury verdict of no cause of action. The plaintiff and a younger boy were delivering newspapers. The younger boy testified that shortly before the accident he and the plaintiff separated so that the plaintiff could deliver a newspaper on the other side of a nearby highway while the younger boy was delivering another newspaper. The defendant driver, Charles Rodgers, was traveling on that highway. The plaintiff testified that just before the defendant's car hit him he was on the shoulder of the highway walking beside his bicycle with his back to the traffic that was moving in the same direction he was traveling. He testified that he never left the shoulder before the accident. The plaintiff and his companion did not notice the defendant's car before the collision.

The defendant driver testified that some 180 feet before the point of collision he saw some boys standing on the shoulder of the highway and that none

was riding a bicycle. The defendant said he looked to the left to check cross-traffic and returned his vision to straight ahead before the accident. The next thing he saw was "something" out of the corner of his right eye and he turned the car to the left to avoid whatever it was. Then he heard an impact. He did not see the bicycle on the pavement. He testified that his automobile did not leave the paved portion of the highway before the accident.

Another witness, who was some distance from the point of impact, said that shortly before the accident he saw the plaintiff riding his bicycle with his back to traffic on the edge of the highway and the defendant traveling at an excessive speed.

Clearly, both plaintiff's and defendant's versions of what occurred cannot be correct. If the plaintiff never left the shoulder and the defendant never left the paved portion of the highway the defendant's automobile could not have collided with the plaintiff and his bicycle causing the serious bodily injury suffered by the plaintiff.

Even though there was testimony that the defendant had been traveling at an excessive speed shortly before the accident, the questions of whether the defendant was negligent, whether the plaintiff was contributorily negligent, and the overriding question of credibility, are all questions which it was the jury's prerogative to unravel and resolve.

There was, indeed, no direct evidence that the plaintiff walked or rode in front of the defendant's automobile; however, neither was there any direct evidence that the defendant left the paved portion of the highway. The jury apparently concluded that the defendant did not leave the paved portion of the highway, that his excessive speed, if he was still traveling at an excessive speed at the time of the collision, was not a cause of the accident and that

the plaintiff inadvertently crossed the path of defendant's automobile. That may not be what occurred, but that is what the jury appears to have decided did occur and it was for the jury, not this Court or the trial court, to decide the matter. The verdict is not contrary to the great weight of the evidence; the trial judge did not abuse his discretion in denying a new trial.

We find no error in giving an instruction predicated on the defendant's theory that the plaintiff, failing to exercise due care, crossed in front of the defendant's line of travel. There were three versions of what occurred. Plaintiff said he was walking on the shoulder, the defendant said the plaintiff was standing on the shoulder, and the witness said the plaintiff was riding on the highway. The defendant testified that his automobile did not leave the paved portion of the highway. If the jury believed the defendant it could have reasonably concluded that the plaintiff, after standing on the shoulder, stepped or rode in front of the defendant's automobile. The giving of the objected-to instruction was not error.

Affirmed. Costs to defendants.

All concurred.